# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WALTER GODINEZ, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 04 C 2510<br>) |
| CITY OF CHICAGO, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Officers' joint motion to dismiss the amended complaint. For the reasons stated below, we grant the motion in part and deny the motion in part.

## BACKGROUND

Defendant Officers work for Defendant City of Chicago ("City"). Plaintiff Walter Godinez ("Godinez") alleges that Defendants arrested and interrogated Julio Montes ("Montes"). According to Godinez, Defendants coerced Montes into confessing to participation in the shooting of Eduardo Soto ("Soto") and into identifying Godinez as the shooter. On April 30, 1986, Godinez was arrested for the

murder of Eduardo Soto ("Soto"). Godinez claims that while he was in custody the Defendant Officers handcuffed him to a wall and interrogated him. According to Godinez, the Defendant officers pulled his hair, punched him, slapped him, choked him and kicked him during the remainder of the day and night in order to coerce a confession from Godinez. Godinez also claims that the Defendant Officers interrogated Annette Trinidad ("Trinidad") who was Godinez's alibi witness and the Defendant Officers wrote false statements and reports in order to discredit Trinidad's credibility. Godinez claims that the Defendant Officers also "coerced Jean Rodriguez into identifying Godinez during a tainted lineup." (A. Compl. Par. 14). On April 28, 1987, Godinez was convicted for the murder of Soto and was sentenced to forty years of prison. Godinez pursued an appeal in state court and after filing a post-conviction petition a second trial was ordered. In the second trial which was a bench trial, the state trial judge issued a directed finding and found Godinez not guilty on all charges. Godinez brought the instant action against the Defendant Officers and the City and filed an amended complaint which includes a claim brought pursuant to 42 U.S.C. § 1983 ("Section 1983") for the deprivation of his right to a fair trial and wrongful conviction (Count I), a Section 1983 claim for unlawful seizure (Count II), a Section 1983 due process claim for deprivation of access to the courts (Count III), and a Section 1983 municipal liability claim (Count IV). Defendant Officers have moved to dismiss all claims brought against them.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the

claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. Deprivation of Right to Fair Trial and Wrongful Conviction

Defendant Officers move for the dismissal of all claims against them under Count I due to Godinez's failure to comply with the requirements for a denial of a fair trial claim. The denial of a fair trial claim referred to in *Newsome v. McCabe*, 256 F.3d 747, 751-52 (7th Cir. 2001) is based upon *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the United States Supreme Court held that there is a constitutional due process violation if the prosecution withholds exculpatory evidence at trial. 373 U.S. at 86. *See also McCann v. Mangialardi*, 337 F.3d 782, 787 (7th Cir. 2003)(explaining that "[i]n *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that during trial the government is constitutionally obligated to disclose evidence favorable to the defense when the evidence is material to either the guilt or punishment of the defendant."). In *Gauger v. Hendle*, the Seventh Circuit held that a *Brady* claim cannot extend to situations where the Section 1983 plaintiff was aware of the alleged misconduct involving the withholding of exculpatory evidence. 349 F.3d 354, 360 (7th Cir. 2003).

Defendants argue that Godinez has failed to point to evidence that indicates

4

that the Government failed to disclose exculpatory information. Godinez points to various pieces of evidence that were withheld by Defendants. One piece of evidence is the alleged fact, which for the purposes of this motion to dismiss, we are required to accept as true, that the lineup was tainted and that Jean Rodriguez was coerced into identifying Godinez. Defendants acknowledge that Godinez did not discover this fact until after his trial. Defendants enter into a lengthy argument regarding whether or not Godinez has a good faith basis for bringing his allegations about the lineup. However, Defendants' arguments are premature at this juncture as they seek to delve into the merits of Godinez's claim. For instance, Defendants argue regarding what a certain statement by the state court judge "more likely implies. . . ." (Reply 16). Not only does such an argument seek to enter into a discussion of the merits of the evidence, all reasonable inferences must be made in Godinez's favor at this juncture. Defendants also point to the fact that Godinez learned of the alleged improprieties regarding the lineup from Jean Rodriguez's brother rather than Jean Rodriguez herself. While such evidence may be less persuasive than perhaps a statement by Jean Rodriguez herself about the lineup, we cannot at this juncture enter into such a discussion of the merits of the evidence. Therefore, we deny the motion to dismiss the denial of a fair trial claim.

## II. Fourth Amendment Claim

Defendants argue that the Fourth Amendment claim should be dismissed

because it is time-barred. There is a two years statute of limitations for Section 1983 claims in Illinois. *Ashafa v. City of Chicago*, 146 F.3d 459, 461-62 (7th Cir. 1998). If a successful Section 1983 action "'will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff,' his § 1983 cause of action arises, and the statute of limitations on the action begins to run, when the plaintiff knows or should have known that his constitutional rights have been violated." *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997)(quoting in part *Heck v. Humphrey*, 512 U.S. 477 (1994)). However, if a plaintiff seeks "damages for an allegedly unconstitutional conviction or imprisonment, or for other harms caused by unlawful actions that would render a conviction or sentence invalid, [the plaintiff] has no § 1983 cause of action until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* A Section 1983 action would not challenge the validity of a conviction unless the action would seek to call into question the sole evidence used to convict the plaintiff. *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004)(stating that if the plaintiff "was arrested and prosecuted solely on the basis of drugs planted by the arresting officers, then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs" and that if the plaintiff had "been prosecuted on evidence (other than the planted drugs) that would not be invalidated if he successfully challenged his arrest, then [the plaintiff's] false arrest claim would not be barred by *Heck* and would be untimely.").

In the instant action, the statute of limitations for a Fourth Amendment claim clearly accrued in 1986 when the alleged misconduct occurred. There was sufficient other evidence to convict Godinez such as the lineup identification, Montes' identification, and testimony from another eyewitness. Godinez now argues that he later discovered that the lineup was tainted and was the result of coercion, but he thus also acknowledges that at the time of the alleged misconduct and his trial that he did not know that the lineup evidence could not be used to convict him and thus at that time he had no reason to believe that a challenge of the arrest and alleged misconduct during interrogation would be a challenge to his conviction. Also, the Godinez's confession was not utilized by the Government in Godinez's first trial. Therefore, we conclude that the Fourth Amendment claim is time-barred.

III. Denial of Access to the Courts

Defendants seek a dismissal of the denial of access to the courts claim. An individual's access to the court system "must be 'adequate, effective, and meaningful,' . . . and therefore, when police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 422-23 (7th Cir. 2000)(quoting in part *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). In the instant action there are no allegations that indicate that Defendants concealed important facts about the Soto murder. Godinez argues that Defendants

7

coerced statements from Montes and Jean Rodriguez "to cover-up Plaintiff's potential excessive force claim." (Ans. 15). However, Godinez was aware of all the facts surrounding his excessive force claim at the time of the alleged misconduct and there are no allegations that indicate that Defendants in any way deprived him of access to the courts to pursue such claims. Also, nothing in the complaint indicates that Godinez lacked access to Jean Rodriguez before and after his trial. Therefore, we grant the motion to dismiss the denial of access to the courts claim.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the Fourth Amendment claim and grant the motion to dismiss the denial of access to the courts claim. We deny the motion to dismiss the denial of a fair trial claim.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 18, 2005

8